# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

| | |
|---|---|
| Robert H. Hale, | Case No. 2:19-cv-01112-JAD-NJK |
| Plaintiff<br>v. | **Order to Show Cause**<br>**Re: Service** |
| Steven T. Mnuchin, Secretary of the Treasury; Charles Rettig, IRS Commissioner, | |
| Defendants | [ECF Nos. 7, 8, 9, 13] |

Robert Hale filed this action on June 26, 2019, against Treasury Secretary Steven T. Mnuchin and IRS Commissioner Charles Rettig, "to receive property belonging to him that was erroneously taken by IRS employees by means of liens and levies."[1] He moved the Clerk of Court to enter the defendants' default in late September and early October, noting that they had not appeared,[2] and soon thereafter moved for default judgment.[3] Defendants counter with a motion for an order to show cause why this case should not be dismissed for improper service, explaining that Hale did not serve either named defendant with a summons and also failed to serve the United States Attorney for Nevada as Federal Rule of Civil Procedure 4(i)(1) requires in this case.[4] Hale responds that he was unaware of his obligation to serve the U.S. Attorney and that he served the defendants with a "Notice of Lawsuit and Request to Waive Service of a Summons."[5]

---

[1] ECF No. 1.
[2] ECF Nos. 7, 8.
[3] ECF No. 9.
[4] ECF No. 13.
[5] ECF No. 15.

When suing a United States officer or employee, a plaintiff must also "serve the United States" with a copy of the summons and complaint[6] in the manner described in Federal Rule of Civil Procedure 4(i)(1). If the officer or employee is being sued in his individual capacity, the plaintiff must also "serve the officer or employee under Rule 4(e), (f), or (g)," whichever applies.[7] If the officer or employee is being sued in his official capacity, the plaintiff need only "send a copy of the summons and complaint by registered or certified mail to the . . . officer, or employee."[8] It appears from the face of the complaint that Hale is suing Mnuchin and Rettig in their official capacities. So, at a minimum, Hale was required to properly mail Mnuchin and Rettig a summons and a copy of the complaint, and also serve those same documents on the U.S. Attorney in the manner prescribed by Fed. R. Civ. P. 4(i)(1). The record reflects that Hale failed to do so.[9] Therefore, the defendants have not been properly served in this case, and they are not in default. The Court thus denies Hale's motions for default and default judgment[10] and grants the defendants' motion for an order to show cause why this case should not be dismissed for failure of service[11] because service was not accomplished by September 24, 2019, as Fed. R. Civ. P. 4(m) required. The Court recognizes that the 90-day service period must be extended when the plaintiff "shows good cause for the failure," but Hale has not yet demonstrated good cause for his failure to effectuate service in compliance with Rule 4.

---

[6] FRCP 4(c)(1) states that "A summons must be served with a copy of the complaint. The plaintiff is responsible for having the summons and complaint served within the time allowed by Rule 4(m) and must furnish the necessary copies to the person who makes service."
[7] Fed. R. Civ. P. 4(i)(3).
[8] Fed. R. Civ. P. 4(i)(2).
[9] ECF No. 4.
[10] ECF Nos. 7, 8, 9.
[11] ECF No. 13.

2

IT IS THEREFORE ORDERED that the Motion for Order to Show Cause **[ECF No 13] is GRANTED**; **Hale has until January 31, 2020, to file a Response to Order to Show Cause in which he shows cause in writing why this case should not be dismissed under Rule 4(m) for failure to timely serve**. If Hale seeks additional time to complete proper service, he must expressly request it in that document and "show[] good cause for" his failure to effectuate proper service within the allotted time.[12] Hale is cautioned that if he fails to respond by this January 31, 2020, deadline or does not show cause why this case should not be dismissed and his deadline for service should be extended, this case will be dismissed without further prior notice.

IT IS FURTHER ORDERED that Hale's motions for default and default judgment **[ECF Nos. 7, 8, 9] are DENIED.**

Dated: January 14, 2020

_____
U.S. District Judge Jennifer A. Dorsey

---

[12] Fed. R. Civ. P. 4(m).